UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>   Plaintiff,<br><br>v.<br><br>NICHE INVESTMENTS, LLC et al.,<br><br>   Defendants. | Case No.: 20-CV-627-CAB-BLM<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 7] |

This matter is before the Court on a motion to dismiss filed by Defendants Niche Investments, LLC, and Tag Motorsports, Inc., (collectively "Defendants"). [Doc. No. 7.] The motion was filed on May 8, 2020 and set a hearing date (for briefing purposes only) of June 12, 2020. Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of June 12, 2020, Plaintiff's opposition to the motion to dismiss was due on May 29, 2020. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* S.D. Cal. CivLR 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule

by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to file anything with the Court, including failing to oppose the motion to dismiss, indicates that Plaintiff has abandoned this lawsuit and consents to the granting of the motion to dismiss. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, Plaintiff's lack of opposition is unsurprising considering that Defendants appear to have remedied the issue that prompted the lawsuit in the first instance. Therefore, the Court assumes the lack of opposition to Defendants' motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion.

Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above, and the complaint is **DISMISSED.** The Clerk of Court is instructed to **CLOSE** this case.

It is **SO ORDERED**.

Dated: June 4, 2020

Hon. Cathy Ann Bencivengo
United States District Judge